**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WHITE PINE INVESTMENTS, Individually and on Behalf of All Others Similarly Situated, <br><br>          Plaintiff, <br><br>    v. <br><br> CVR REFINING, LP, CVR ENERGY, INC., CVR REFINING GP, LLC, CVR REFINING HOLDINGS, LLC, ICAHN ENTERPRISES, L.P., and DAVID L. LAMP, <br><br>          Defendants. | Case No.: 1:20-cv-02863-AT <br><br> Hon. Analisa Torres |

**MEMORANDUM OF LAW IN SUPPORT OF JOSEPH DEGAETANO AND JOANNE M. ZANETOS' MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

**TABLE OF CONTENTS**

**Page**

I.     FACTUAL BACKGROUND ................................................................................. 2

II.    PROCEDURAL HISTORY ................................................................................. 5

III.   ARGUMENT ...................................................................................................... 5

    A.     Appointing Movants as Lead Plaintiffs Is Appropriate ................................... 5

        1.   Movants Filed a Timely Motion. ............................................................. 7

        2.   Movants Have the Largest Financial Interest. ......................................... 7

        3.   Movants Satisfy the Relevant Requirements of Rule 23. ......................... 8

            a.   Movants' Claims Are Typical. .......................................................... 9

            b.   Movants Are Adequate Representatives. .......................................... 10

    B.     Approving Movants' Choice of Counsel Is Appropriate. ............................. 10

IV.    CONCLUSION ................................................................................................. 11

# **TABLE OF AUTHORITIES**

**Page(s)**

## Cases

*In re Cendant Corp.*,
    264 F.3d 201 (3d Cir. 2001).............................................................................. 10

*Deinnocentis v. Dropbox, Inc.*,
    No. 19-cv-06348-BLF, 2020 U.S. Dist. LEXIS 8680 (N.D. Cal. Jan. 16, 2020)................... 11

*In re Deutsche Bank AG Sec. Litig.*,
    328 F.R.D. 71 (S.D.N.Y. Oct. 2, 2018) ................................ 9

*In re Deutsche Bank Aktiengesellschaft Sec. Litig.*,
    No. 16-CV-03495 (AT) (BCM), 2016 U.S. Dist. LEXIS 139215 (S.D.N.Y. Oct. 4, 2016) .... 7

*Francisco v. Abengoa, S.A.*,
    No. 15-cv-6279 (ER), 2016 U.S. Dist. LEXIS 68145 (S.D.N.Y. May 24, 2016) ................. 11

*Freudenberg v. E\*Trade Fin. Corp.*,
    No. 7-cv-8538, 2008 U.S. Dist. LEXIS 62767 (S.D.N.Y. July 16, 2008)............................... 8

*Isaacs v. Musk*,
    No. 18-CV-04865-EMC, 2018 U.S. Dist. LEXIS 200717 (N.D. Cal. Nov. 27, 2018), ......... 11

*Kuriakose v. Fed. Home. Loan. Mortg. Co.*,
    No. 08-cv-7281-JFK, 1008 U.S. Dist. LEXIS 95506 (S.D.N.Y. Nov. 24, 2008).................... 9

*Levin v. Res. Capital Corp.*,
    No. 15-cv-7081 (LLS), 2015 U.S. Dist. LEXIS 162377 (S.D.N.Y. Oct. 5, 2016)................. 11

*Pope v. Navient Corp.*,
    No. 17-cv-8373 (RBK/AMD), 2018 U.S. Dist. LEXIS 17340 (D.N.J. Feb. 2, 2018)............ 11

*Rosi v. Alcaris Therapeutics, Inc.*,
    No. 19-cv-7118-LTS-JLC, 2019 U.S. Dist. LEXIS 192910 (S.D.N.Y. Nov. 6, 2019) ........ 6, 8

*Salinger v. Sarepta Therapeutics*,
    No. 17-cv-8122 (VSB), 2019 U.S. Dist. LEXIS 218248 (S.D.N.Y. Dec. 17, 2019)............... 9

*San Antonio Fire & Police Pension Fund v. Dole Food Co.*,
    177 F. Supp. 3d 838 (D. Del. 2016)....................................................................... 9

*Stirling v. Ollie's Bargain Outlet Holdings, Inc.*,
    No. 19-cv-8647, 2019 U.S. Dist. LEXIS 210118 (S.D.N.Y. Dec. 5, 2019) ........................... 8

*In re Sundial Growers Inc. Sec. Litig.*,
    No. 1:19-cv-08913-ALC (S.D.N.Y. Dec. 20, 2019)............................................................ 11

*Teamsters Local Union No. 727 Pension Fund v. Vanda Pharms., Inc.*,
 No. 19-cv-1108-FB-LB, 2019 U.S. Dist. LEXIS 219527 (E.D.N.Y. May 24, 2019) ........... 10

*In re Tesla, Inc. Sec. Litig.*,
 No. 18-CV-04865-EMC, 2018 U.S. Dist. LEXIS 212238 (N.D. Cal. Dec. 17, 2018) .......... 11

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
 589 F. Supp. 2d 388 (S.D.N.Y. 2008) ...................................................................................... 9

*Zhang v. Valaris PLC, et al.,*
 No. 1:19-cv-07816-NRB (S.D.N.Y. Dec. 23, 2019) ............................................................. 11

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B) ................................................................................................. *passim*

**Rules**

FED. R. CIV. P. 23 .................................................................................................................. 1, 6, 8

Joseph Degaetano and Joanne M. Zanetos ("Movants") respectfully submit this memorandum of law in support of their motion ("Motion") to appoint them as lead plaintiff in the above-captioned action ("the Action") and approve their selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), on behalf of a putative class of former owners of CVR Refining, LP ("CVRR" or the "Company") common units who sold their units from July 30, 2018 through January 28, 2019, inclusive (the "Class" who sold during the "Class Period"), inclusive, against Defendants CVRR, CVR Energy, Inc., CVR Refining Gp, LLC, CVR Refining Holdings, LLC, Icahn Enterprises, L.P., and David L. Lamp (collectively "Defendants").

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the Class who also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure are presumed to be the "most adequate" plaintiff—*i.e.*, the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate movant as lead plaintiff. Movants believe that they are the "most adequate" plaintiff, as defined by the PSLRA, and should be appointed lead plaintiff based on the financial losses they suffered as a result of defendants' wrongful conduct as alleged in this litigation. Moreover, Movants satisfy the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as their claims are typical of other Class members' claims and they will fairly and adequately represent the interests of the Class. In addition, Movants' selection of Levi & Korsinsky as Lead Counsel should be approved because the firm has substantial expertise in securities class action litigation and the experience and resources to efficiently prosecute these Actions.

## I.    FACTUAL BACKGROUND[1]

CVRR is an independent downstream energy limited partnership with refining and related logistics assets that operates in the mid-continent region. ¶ 2. CVRR was formed by CVI, the indirect owner of the General Partner, in September 2012 in order to own and operate petroleum and auxiliary businesses as a limited partnership. *Id.* CVRR is a limited partnership organized and existing under the laws of Delaware and its common units were actively traded on the New York Stock Exchange ("NYSE") under the ticker symbol "CVRR". ¶¶ 15, 54.

Throughout the Class Period, Defendants executed a fraudulent scheme to artificially depress the price of publicly traded CVRR units in order to acquire them for a substantial discount, thereby enriching themselves at the expense of public unit holders: (a) First, following the Exchange Offer, reduced public float and the threat of the Call Right began depressing the price of CVRR units, more than offsetting favorable financial results. ¶ 6; (b) Second, as the price for CVRR units stagnated, and more than 90 days had passed since expiration of the Exchange Offer, Defendants announced that they were "considering" exercising the Call Right, further causing the units to decline. *Id.*; (c) Finally, once the price of CVRR units had substantially declined, Defendants seized upon the Call Right, enjoying a purchase price based on the (manipulated) 20-day trading average of CVRR units. *Id.*

Since formation, CVRR's business and operations have been run by the General Partner pursuant to the Partnership Agreement. ¶ 2. As of December 31, 2017, public security holders held

---

[1] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*White Pine* Complaint") filed in the *White Pine* Action. Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *White Pine* Complaint. The facts set forth in the *White Pine* Complaint are incorporated herein by reference.

approximately 34 percent of CVRR's outstanding units, and CVR Holdings held approximately 66 percent of CVRR's outstanding units. *Id*.

According to the Partnership Agreement, if the General Partner and/or affiliates[2] own more than 80 percent of CVRR's units, the General Partner could exercise and/or assign to its affiliates the right to acquire CVRR's remaining outstanding units. ¶ 3. As set forth in the Partnership Agreement, the predetermined price per unit under the Call Right, if exercised, would be the greater of: (i) the average closing price of the units during the 20 trading days predating three days before the notice of intent to effect the buyout; or (ii) the highest per-unit price paid by the General Partner or any of its affiliates for CVRR units during the 90-day period preceding the date the notice of intent to effect the buyout. *Id*.

On May 29, 2018, CVI announced an exchange offer in which it would exchange CVI stock for most of CVRR's outstanding common units (the "Exchange Offer"). ¶ 4. Under the terms of the Exchange Offer, CVI and affiliates, including the General Partner, would collectively own at minimum more than 80 percent, and at maximum 95 percent, of CVRR's units upon completion. *Id*. In connection with the Exchange Offer, CVI repeatedly stated that it "ha[d] no current plans to exercise the call right at this time or upon the consummation of the exchange." *Id*.

The Class Period begins on July 30, 2018, the trading day following the expiration of the Exchange Offer. ¶ 29. On that date, CVRR issued a press release stating that "21,625,106 common units of CVR Refining [had been] validly tendered and not properly withdrawn in the Exchange Offer," and that a result thereof, that CVI and its affiliates now owned "approximately 84.5% of

---

[2] Under the Partnership Agreement, "Affiliate' means, with respect to any Person, any other Person that directly or indirectly through one or more intermediaries Controls, is Controlled by or is under common Control with, the Person in question."

CVR Refining's outstanding common units." *Id*. Shortly thereafter on August 1, 2018, Defendants reiterated that there were "no current plans to exercise the call right." *Id*.

On October 24, 2018, CVRR released its third quarter 2018 financial results, revealing results substantially higher from the year prior. Instead of the positive results signaling meteoric gains for CVRR, any gains in the unit price all but evaporated in a handful of trading days.*¶ 7*. This negative market sentiment, all according to Defendants' plans, reflected the reduced public float of CVRR units following the Exchange Offer, as well as the looming threat of the Call Right—despite assurances that there was "no intention" to exercise it. *Id*.

On November 29, 2018, the General Partner announced it was "considering" exercising the Call Right, after waiting to ensure a sufficient period of time had passed since the expiration of the Exchange Offer. ¶ 8.  Importantly, the General Partner added that neither it, nor any of its affiliates, had purchased CVRR units in the 90-day period predating the announcement,  signaling to the market that if (when) they exercised the Call Right, the price would be based on the substantially depressed CVRR unit price. *Id.* Following this disclosure, CVRR units slipped from $14.16 per unit on November 29, 2018, reaching Class Period lows of $9.21 per unit on December 21, 2018. *Id*.

On January 17, 2019, CVRR issued a press release announcing the General Partner had assigned the Call Right to CVI, and that CVI had determined to exercise the Call Right "for a cash purchase price of $10.50 per Common Unit" (the "Call Price"). ¶ 9. The Call Price was based on the 20-day trading average of CVRR units ending on January 14, 2018. *Id*. Following the announcement, the price of CVRR units remained artificially depressed at approximately $10.49 per unit. *Id*. On January 29, 2019, Defendants completed their scheme when CVI exercised the Call Right at the Call Price. *Id*.

To further Defendants' fraudulent scheme, an executive officer of the General Partner, CVI, and CVRR, and therefore an affiliate of the General Partner, had in fact purchased CVRR units on November 14, 2018, at $16.71 per unit, during the 90 days of CVI's notice of intent to exercise the Call Right. ¶ 10. This transaction was not disclosed until January 15, 2019, purportedly due to administrative error, was completely ignored by Defendants. *Id*. Therefore, pursuant to the Partnership Agreement, the Call Price should have been at minimum, $16.71. *Id*. This minimum price, of course, did not factor in that the CVRR unit price had already been substantially manipulated by Defendants. *Id*.

## II.   PROCEDURAL HISTORY

Pending before this Court is the above-captioned Action against Defendants. Plaintiff White Pine Investments ("White Pine") commenced the first filed action against CVRR on April 6, 2020. On that same day, counsel acting on White Pine's behalf published a notice on *Business Wire* announcing that a securities class action had been initiated against the Defendants. *See* Exhibit C ("Press Release") to the Declaration of Shannon L. Hopkins in Support of Movants' Motion ("Hopkins Decl.").

## III.   ARGUMENT

### A.   Appointing Movants as Lead Plaintiffs Is Appropriate

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" — *i.e*., the plaintiffs most

capable of adequately representing the interests of the Class — is the class member or group of class members that:

> (aa) has either filed the complaint or made a motion in response to a notice. . .
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)).

The presumption "may be rebutted only upon proof by a purported member of the plaintiff class that the presumptively most adequate plaintiff—

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Movants satisfy the forgoing criteria and has complied with all of the PSLRA's requirements to be appointed lead plaintiff. Movants have, to the best of their knowledge, the largest financial interest in this litigation—having sold 52,900 common units of CVRR during the Class Period, and meet the relevant requirements of Federal Rule of Civil Procedure 23. *See* PSLRA Certifications, Ex. A to Hopkins Decl. In addition, Movant is not aware of any unique defenses that Defendants could raise against him that would render him inadequate to represent the Class.  Accordingly, Movant respectfully submits that he should be appointed as lead plaintiff.  *See Rosi v. Alcaris Therapeutics, Inc.*, No. 19-cv-7118-LTS-JLC, 2019 U.S. Dist. LEXIS 192910, at *10 (S.D.N.Y. Nov. 6, 2019)

### 1.    Movants Filed a Timely Motion.

On April 6, 2020 pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), counsel for White Pine published the Press Release on *Business Wire*—a widely circulated national business-oriented wire service—announcing that a securities class action had been filed against defendants herein and advising purchasers of CVRR  that they had 60 days from the publication of the April 6, 2020 notice to file a motion to be appointed as lead plaintiff. *See* Press Release, Ex. C to Hopkins Decl.; *In re Deutsche Bank Aktiengesellschaft Sec. Litig.,* No. 16-CV-03495 (AT) (BCM), 2016 U.S. Dist. LEXIS 139215, at *9 (S.D.N.Y. Oct. 4, 2016) (filing a notice on *Business Wire* satisfied the PSLRA's notice requirement).

Movants timely filed their motion within the 60-day period following publication of the April 6, 2020 Press Release, submitted herewith sworn certifications attesting that they are willing to serve as representatives of the Class and attaching their transactions in CVRR common units. *See* Hopkins Decl., Ex. A. By making a timely motion in response to a PSLRA notice, Movants satisfy the first PSLRA requirement to be appointed as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa).

### 2.    Movants Have the Largest Financial Interest.

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Movants believe that they have the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and, accordingly, is presumed to be the "most adequate plaintiff."

Movants sold CVRR common units at prices alleged to have been artificially depressed by way of the Defendants' scheme and/or in reliance upon the materially false and misleading

statements issued by the Defendants and was injured thereby. As a result of the alleged fraud against Defendants, Movants collectively sold 52,900 units of CVRR during the Class Period. *See* Hopkins, Ex. A. Movants are unaware of any other Class member claiming a larger financial interest in this matter that has filed a motion for appointment as lead plaintiff. Consequently, Movants believe that they have the "largest financial interest in the relief sought by the Class." Thus, Movants satisfy the second PSLRA requirement—the largest financial interest—to be appointed as lead plaintiffs for the Class. *See Rosi*, 2019 U.S. Dist. LEXIS 192910, at *8.

### 3.     Movants Satisfy the Relevant Requirements of Rule 23.

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

FED. R. CIV. P. 23(a).

In making its determination that a lead plaintiff candidate satisfies the requirements of Rule 23, "a moving plaintiff [need make] only . . . a preliminary showing that the adequacy and typicality requirements have been met." *Stirling v. Ollie's Bargain Outlet Holdings, Inc.*, No. 19-cv-8647, 2019 U.S. Dist. LEXIS 210118, at *3 (S.D.N.Y. Dec. 5, 2019) (citing *Freudenberg v. E*Trade Fin. Corp.*, No. 7-cv-8538, 2008 U.S. Dist. LEXIS 62767, at *5 (S.D.N.Y. July 16, 2008))This determination "need not be as complete as would a similar determination for the purpose of class certification." *Salinger v. Sarepta Therapeutics*, No. 17-cv-8122 (VSB), 2019

U.S. Dist. LEXIS 218248, at *7 (S.D.N.Y. Dec. 17, 2019); *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### a.     Movants' Claims Are Typical.

The Rule 23(a) typicality requirement is satisfied when a lead plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and lead plaintiff's claims are based on the same legal theory.  *See In re Deutsche Bank AG Sec. Litig.*, 328 F.R.D. 71, 80 (S.D.N.Y. Oct. 2, 2018).  "When it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is usually met irrespective of minor variations in the fact patterns underlying individual claims." *Id.* (quoting *Robidoux v. Celani*, 987 F.2d 931, 936 (2d. Cir. 1993)); *Kuriakose v. Fed. Home. Loan. Mortg. Co.*, No. 08-cv-7281 (JFK), 1008 U.S. Dist. LEXIS 95506, at *12 (S.D.N.Y. Nov. 24, 2008) ("A lead plaintiff's claims need not be identical to the claims of the class to satisfy the typicality requirement.").

Movants' claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movants allege that Defendants' material misstatements and omissions, and fraudulent scheme, concerning CVRR's business, operations, and prospects, violated the federal securities laws. Movants, like all members of the Class, sold CVRR common units during the Class Period at prices artificially depressed by Defendants' materially false and misleading statements, and was damaged thereby. *See San Antonio Fire & Police Pension Fund v. Dole Food Co.,* 177 F. Supp. 3d 838, 840 (D. Del. 2016) *(*lead plaintiff group that sold the most shares during the class period, at artificially depressed prices, was the most adequate plaintiff) Accordingly, Movants' interests and claims are "typical" of the interests and claims of the Class.

### b.     Movants Are Adequate Representatives.

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the proposed lead plaintiff has interests that are not antagonistic to other class members; and (3) the proposed lead plaintiff and class possess sufficient interest to pursue vigorous prosecution of their claims." *Teamsters Local Union No. 727 Pension Fund v. Vanda Pharms., Inc.*, No. 19-cv-1108 (FB)(LB), 2019 U.S. Dist. LEXIS 219527, at *10 (E.D.N.Y. May 24, 2019). Movants have demonstrated their adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute these Actions, and Movants' financial interest ensure that they have sufficient incentive to ensure vigorous advocacy. *See* Hopkins Decl., Ex. A. Finally, Movants are not aware that any conflict exist between their claims and those asserted on behalf of the Class.

### B.     Approving Movants' Choice of Counsel Is Appropriate.

The PSLRA vests authority in the lead plaintiffs to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d 201, 274 (3d Cir. 2001). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Movants have selected Levi & Korsinsky to pursue this litigation on their behalf and have retained the firm as the Class's Lead Counsel in the event they are appointed as lead plaintiff. Levi & Korsinsky possesses adequate experience in securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the Firm Résumé attached to the Hopkins Decl. as Ex. D. Moreover, Levi & Korsinsky has often been appointed as lead counsel in similar actions in this Circuit and across the country arising under the federal securities laws on behalf of investors. *See Deinnocentis v. Dropbox, Inc.,* No.

19-cv-06348-BLF, 2020 U.S. Dist. LEXIS 8680, at *13 (N.D. Cal. Jan. 16, 2020*); Zhang v. Valaris PLC, et al.,* No. 1:19-cv-07816-NRB (S.D.N.Y. Dec. 23, 2019); *In re Sundial Growers Inc. Sec. Litig.,* No. 1:19-cv-08913-ALC (S.D.N.Y. Dec. 20, 2019); *Isaacs v. Musk*, No. 18-CV-04865-EMC, 2018 U.S. Dist. LEXIS 200717, at *20 (N.D. Cal. Nov. 27, 2018), *reconsideration denied sub nom. In re Tesla, Inc. Sec. Litig.*, No. 18-CV-04865-EMC, 2018 U.S. Dist. LEXIS 212238 (N.D. Cal. Dec. 17, 2018) (noting Levi & Korsinsky "is experienced in securities fraud litigation and has been appointed Lead Counsel in other securities class actions."); *Pope v. Navient Corp.*, No. 17-cv-8373 (RBK/AMD), 2018 U.S. Dist. LEXIS 17340, at *13–14 (D.N.J. Feb. 2, 2018) (appointing Levi & Korsinsky as lead counsel as it "is clearly capable of handling this matter— the firm has extensive experience in private securities litigation and has received numerous favorable judgments in its past representations."); *Francisco v. Abengoa, S.A.*, No. 15-cv-6279 (ER), 2016 U.S. Dist. LEXIS 68145, at *21 (S.D.N.Y. May 24, 2016) (noting that given "Levi & Korsinsky's track record, the Court, like many others in this Circuit before it, concludes that the firm is qualified to serve as lead counsel of the class"); *Levin v. Res. Capital Corp.*, No. 15-cv-7081 (LLS), 2015 U.S. Dist. LEXIS 162377, at *4 (S.D.N.Y. Oct. 5, 2016) (appointing Levi Korsinsky as lead counsel and noting that it is "a firm which is well qualified and has successfully served as lead counsel or co-lead counsel in numerous complex securities class actions");  Thus, the Court may rest assured that by granting Movants' motion, the Class will receive the highest caliber of legal representation possible.

## IV.   CONCLUSION

For the foregoing reasons, Movants respectfully request the Court grant their Motion and enter an Order: (1) appointing Movants as lead plaintiff, (2) approving their selection of Levi & Korsinsky as Lead Counsel for the Class, and (3) granting such other relief as the Court may deem

just and proper.


Dated: June 5, 2020                                Respectfully Submitted,

                                                   **LEVI & KORSINSKY, LLP**

                                                   By:  /s/ *Shannon L. Hopkins*
                                                   Shannon L. Hopkins (SH-1887)
                                                   1111 Summer Street, Suite 403
                                                   Stamford, Connecticut 06905
                                                   Tel. (203) 992-4523
                                                   Fax: (212) 363-7500
                                                   Email: shopkins@zlk.com


                                                   *Lead Counsel for Movants and [Proposed]*
                                                   *Lead Counsel for the Class*