UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WHITE PINE INVESTMENTS, Individually and on Behalf of All Others Similarly Situated,

            Plaintiff,

-against-

CVR REFINING, LP, CVR ENERGY INC., CVR REFINING GP, LLC, CVR REFINING HOLDINGS, LLC, ICAHN ENTERPRISES, L.P., and DAVID L. LAMP,

            Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _1/5/2021_

20 Civ. 2863 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    This is a securities class action brought on behalf of a putative class of investors ("the Class") who sold their CVR Refining, LP ("CVRR") common stocks between July 30, 2018, and January 28, 2019 (the "Class Period"). Compl. ¶ 57, ECF No. 1. The Class claims CVRR and its affiliates and officials (collectively, "Defendants") violated federal securities law by making false or misleading statements and seeks relief under § 10(b) and § 20(a) of the Securities Exchange Act of 1934, as well as Securities Exchange Commission Rule 10b-5. *Id.* ¶¶ 62–68.

    Class members Joseph DeGaetano and Joanne Zanetos (together, "Movants") move for an order (1) appointing them jointly "lead plaintiff" of this action pursuant to the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(a),[1] and (2) approving their counsel of choice, Levi & Korsinsky, LLP ("Levi & Korsinsky"), as lead counsel. *See* Movants Mot., ECF No. 23; Movants Mem. at 1, ECF No. 24. For the reasons stated below, the motion is GRANTED.[2]

---

[1] Under the PSLRA, courts "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The statute refers to this member as the "most adequate plaintiff." *Id.*

[2] Class members Gregory Gersch and White Pine Investments also filed motions to be appointed lead plaintiff. ECF Nos. 19, 26. Both have since filed notices of non-opposition to the appointment of DeGaetano and Zanetos as lead plaintiffs. ECF Nos. 30, 31.

## DISCUSSION

I. <u>Standard of Review</u>

The PSLRA directs courts to appoint the "most adequate" class member as the lead plaintiff through a two-step inquiry. 15 U.S.C. § 78u-4(a)(3)(B)(i). At the first step, courts are to presume that the most adequate plaintiff in a securities fraud class action is the "person or group of persons" that (1) filed the initial complaint or timely moved for appointment as lead plaintiff, (2) has "the largest financial interest" in the case, and (3) "otherwise satisfies" the requirements of Federal Rule of Civil Procedure 23. *Id.* § 78u–4(a)(3)(B)(iii)(I)(aa)–(cc).

At the second step, the PSLRA's presumption "may be rebutted only upon proof . . . that the presumptively most adequate plaintiff" (1) "will not fairly and adequately protect the interests of the class," and (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Id.* § 78u-4(a)(3)(B)(iii)(II)(aa)–(bb).

II. <u>Nature of the Grouping</u>

The PSLRA permits a "group of persons" to serve as lead plaintiff. 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I). Courts in this district, however, only allow "unrelated investors to join together as a group . . . on a case-by-case basis, if such a grouping would best serve the class." *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 392 (S.D.N.Y. 2008). Courts consider the nature of the group as a threshold question. *Peters v. Jinkosolar Holding Co.*, No. 11 Civ. 7133, 2012 WL 946875, at *6 (S.D.N.Y. Mar. 19, 2012) ("[I]n order for a potential lead plaintiff group to enjoy the rebuttable presumption that the statute confers, the group must first show some evidence that the members of the group will act collectively and separately from their lawyers.") (internal quotation marks and citation omitted).

*Varghese* identifies five factors which courts in this district use to assess whether a group will be in the interests of the class: "(1) the existence of a pre-litigation relationship between group

members; (2) involvement of the group members in the litigation thus far; (3) plans for cooperation; (4) the sophistication of its members; and (5) whether the members chose outside counsel, and not vice versa." *Varghese*, 589 F. Supp. 2d at 392.  These factors ensure that groups are not being assembled by lawyers to create a group with the largest financial interest.  *Id.*

The Court concludes, after consideration of the *Varghese* factors, that Movants are an acceptable grouping.  First, Movants give no indication of a pre-litigation relationship, which is "a negative factor but not disqualifying."  *Cohen v. Luckin Coffee Inc.*, No. 20 Civ. 01293, 2020 WL 3127808, at *5 (S.D.N.Y. June 12, 2020).

As to the second and third factors, Movants have detailed plans regarding their involvement in the litigation and plans for cooperation.  In their joint declaration, Movants lay out their participation in the case so far: a conference call with counsel and each other, discussing the allegations against Defendants and the strength of the claims, a strategy for prosecuting those claims, the role of the lead plaintiff, the benefits to the class of them being lead plaintiff, their interests in prosecuting the case, and the actions they "will take to continue to ensure that the claims will be zealously and efficiently litigated." Joint Decl. ¶ 7, ECF No. 25-2.  Since filing the motion to be appointed lead plaintiff, they have stayed in touch with counsel regarding the status of the case, and participated in another conference call to discuss the strategy for opposing the competing motions for the appointment of lead counsel.  Supp. Joint Decl. ¶¶ 4–5, ECF No. 33-1.  They have laid out plans regarding how they will stay abreast of the litigation, including regular status reports and conference calls.  Joint Decl. ¶ 12.  They have similarly committed to making themselves "available for any appearances, depositions, and other necessary meetings to facilitate the prosecution of this action."  *Id.*  Movants also explain procedures for how they intend to work together to lead the litigation, including submitting deadlocked decisions to an arbitrator.  *Id.* ¶ 13.  These sort of concrete commitments and plans for cooperation have been found to be positive indications that a group will act cohesively.  *See*

*Cohen*, 2020 WL 3127808, at *5; *Perez v. HEXO Corp.*, No. 19 Civ. 10965, 2020 WL 905753, at *3 n.7 (S.D.N.Y. Feb. 25, 2020), *reconsideration denied sub nom. In re HEXO Corp. Sec. Litig.*, No. 19 Civ. 10965, 2020 WL 5503634 (S.D.N.Y. Sept. 11, 2020).

Regarding the fourth factor, although neither Movant is an institutional investor of the type that the PSLRA is meant to attract, *In re Razorfish, Inc. Sec. Litig.*, 143 F. Supp. 2d 304, 307 (S.D.N.Y. 2001), both have over twenty years of experience in managing their own investments. PSLRA Cert. at 2, 4, ECF No. 25-1.

Finally, Movants learned of the opportunity to be aggregated through counsel, which weighs against a group lead plaintiff. Joint Decl. ¶ 7. However, each Movant individually has a larger financial interest than the other proposed lead plaintiffs. *See infra* § III.B. This gives some indication that they were not aggregated simply to create the largest claim. *Peters*, 2012 WL 946875, at *8–9 ("[W]here the group comprises the class members with, far and away, the largest financial interest of any individual or group (that has otherwise come forward), then the policy is not disserved by allowing those individuals to join together.").

Moreover, where a group consists of fewer than five members, courts generally agree it is appropriate. *Id.* at 7. Here, with only two proposed plaintiffs, it will be easier to coordinate and work cohesively than with larger groups.

Accordingly, the Court concludes that Movants' group is proper, and proceeds to analyze whether that group is the most adequate plaintiff.

III.   Step One

   A.   Timeliness

Under the PSLRA, the plaintiffs filing the complaint must publish a notice announcing the pendency of the suit not later than twenty days after the filing date. *Id*. § 78u-4(a)(3)(A)(i). Any member of the purported class may file a motion to serve as lead plaintiff within sixty days after

publication of the notice. *See id*. § 78u–4(a)(3)(A)(i)(II). Here, notice of the class action lawsuit was published on April 6, 2020. *See* ECF No. 25-3. Class members were instructed to file any motions to serve as lead plaintiff by June 5, 2020—sixty days after publication. *Id.* at 2. There is no dispute that Movants timely filed their motion for appointment as lead plaintiff by June 5, 2020. *See* Movants Mot. Therefore, they meet the timeliness requirement.

### B. Financial Interests

When determining which class member has the "largest financial interest" in a securities fraud "seller class" of investors who sold shares at artificially deflated prices, courts generally use as a metric the total number of shares the class member sold during the Class Period. *San Antonio Fire & Police Pension Fund v. Dole Food Co., Inc.*, 177 F. Supp. 3d 838, 840 (D. Del. 2016); *see also Silverberg v. DryShips Inc.*, No. 17 Civ. 4547, 2018 WL 10669653, at *5–6 (E.D.N.Y. Aug. 21, 2018).

White Pine Investments and Gregory Gersch, the other prospective lead plaintiffs, have conceded they do not have the largest financial interest in the litigation. Gersch Notice of Non-Opp. at 1, ECF No. 31; White Pine Investments Notice of Non-Opp. at 1, ECF No. 30. There is, therefore, no dispute that Movants have the largest financial interest in the case. DeGaetano sold 37,800 and Zanetos 10,472 units of CVRR, a total of 48,272 units, during the Class Period as a result of the alleged fraud.[3] PSLRA Cert at 3, 5. This exceeds the amount sold by the other prospective plaintiffs: Gersch sold 6,006 units, ECF No. 22-3, and White Pine Investments sold 6,120, ECF No. 28-1 at 4. Movants therefore meet the requirement of having the largest financial interest.

---

[3] Zanetos' declaration indicates that she sold 4,628 units on January 29, 2019, as part of the forced sale at issue. PSLRA Cert. at 5. It is unclear to the Court why these units are counted as being sold within the Class Period, which ends on January 28, 2019. The Court does not, therefore, include these units in its calculation of the financial interest of the plaintiffs, though it may be that they were indeed sold within the Class Period.

C.  Rule 23 Requirement

For the next requirement, the movant need only meet the typicality and adequacy requirements of Rule 23. *See Varghese*, 589 F. Supp. 2d at 397. And "[a]t this stage in the litigation, a prima facie showing that the requirements of Rule 23 are met is sufficient." *Id*.

A class member's claim is typical for purposes of Rule 23 if it "arises from the same course of events, and . . . makes similar legal arguments to prove the defendant's liability." *Reitan v. China Mobile Games & Entm't Grp., Ltd.*, 68 F. Supp. 3d 390, 400 (S.D.N.Y. 2014) (internal quotation marks and citation omitted). Because Movants' claims are based on losses they suffered as a result of Defendants' allegedly false or misleading statements made in violation of federal securities laws, Movants Mem. at 9, their claims are typical of the class and arise from the same course of events.

A class member is an adequate representative for purposes of Rule 23 if the member "fairly and adequately protect[s] the interests of the class." Fed. R. Civ. P. 23(a)(4). "In order for the requirement to be satisfied, '(1) there should be no conflict between the proposed lead plaintiff and the members of the class, (2) the selected counsel should be qualified, experienced, and able to conduct the litigation, and (3) the lead plaintiff should have a sufficient interest in the outcome to insure vigorous advocacy.'" *Reitan*, 68 F. Supp. 3d at 400 (quoting *Xianglin Shi v. Sina Corp.*, Nos. 05 Civ. 2154 et al., 2005 WL 1561438, at *3 (S.D.N.Y. July 1, 2005) (internal quotation marks omitted)).

Movants satisfy each of the adequacy requirements. They have no conflict with the members of the class, Movants Mem. at 10, selected qualified and experienced counsel, *see infra* § IV, and have a substantial interest in the outcome of this case, given the extent of their losses, *see supra* § III.B. Movants, therefore, meet the Rule 23 requirement. Accordingly, they are presumptively the "most adequate plaintiff."

IV.     <u>Step Two</u>

No party or class member has put forth any proof rebutting the presumption that Movants are the most adequate plaintiffs.

V.     <u>Approval of Lead Counsel</u>

Finally, the PSLRA directs the most adequate plaintiff to select and retain counsel to represent the class, subject to court approval. 15 U.S.C. § 78u–4(a)(3)(B)(v). "There is a 'strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection.'" *Sallustro v. CannaVest Corp.*, 93 F. Supp. 3d 265, 278 (S.D.N.Y. 2015) (quoting *In re Adelphia Commc'ns Corp. Sec. & Derivative Litig.*, No. 03 MDL 1529, 2008 WL 4128702, at *2 (S.D.N.Y. Sept. 3, 2008)).

Here, Movants have selected Levi & Korsinsky as lead counsel. The Court is satisfied that the firm has "extensive experience" in this area of law and is sufficiently qualified to conduct this litigation. *See Francisco v. Abengoa, S.A.*, No. 15 Civ. 6279, 2016 WL 3004664, at *7 (S.D.N.Y. May 24, 2016) ("After reviewing the [plaintiffs'] submission detailing Levi & Korsinsky's track record, the Court, like many others in this Circuit before it, concludes that the firm is qualified to serve as lead counsel of the class.").

## CONCLUSION

For the reasons stated above, Joseph DeGaetano and Joanne Zanetos are appointed as lead plaintiff and Levi & Korsinsky LLP is appointed as lead class counsel. Pursuant to the parties' stipulation, ECF No. 18, by **January 15, 2021**, the parties shall submit to the Court a proposed schedule for the filing of an amended complaint and the time for Defendants' response.

The Clerk of Court is directed to terminate the motions at ECF Nos. 19, 23, and 26.

SO ORDERED.

Dated: January 5, 2021
      New York, New York

ANALISA TORRES
United States District Judge